IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Tonnesha KIDD, <br><br> Plaintiff, <br> v. <br><br> LOURDES MEDICAL CENTER OF BURLINGTON COUNTY, <br><br> Defendants. | Civil No. 18-16250 (RBK/JS) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court on motions by both parties. Defendant Lourdes Medical Center has moved to dismiss Plaintiff's Complaint (Doc. No. 6) as well as Plaintiff's Amended Complaint filed thereafter (Doc. No. 17). Plaintiff Tonnesha Kidd requests that this matter be remanded to state court (Doc. No. 8) and has also filed a Second Amended Complaint (Doc. No. 21) along with a brief that requests leave to amend (Doc. No. 22) and other assorted documents (Doc. Nos. 23–26).

For the reasons below, Plaintiff's motion to remand is **DENIED**. Defendant's motion to dismiss Plaintiff's Amended Complaint is **GRANTED IN PART**, and Plaintiff's motion for leave to amend is **DENIED**. Because the Court grants Defendant's motion to dismiss Plaintiff's Amended Complaint, Defendant's first motion to dismiss Plaintiff's Complaint is **DENIED AS MOOT**.

**I. BACKGROUND**

This matter stems from an employment dispute between *pro se* Plaintiff Tonnesha Kidd and Defendant Lourdes Medical Center, where Plaintiff formerly worked as a nurse.

1

The relevant facts are largely procedural. On September 6, 2018, Plaintiff filed an action against Defendant in state court, alleging breach of contract, fraud, defamation, retaliation, and civil conspiracy. (Doc. No. 1-1, Ex. A at ¶¶ 9–50.) In her retaliation claim, Plaintiff alleged that Defendant engaged in several retaliatory acts in response to her "protected conduct according to the Civil Rights Act of 1964." (*Id.* at ¶¶ 39–40, 42.) She also alleged that Defendant's conduct violated "the federally protected rights of Plaintiff." (*Id.* at ¶ 43.)

Based on Plaintiff's retaliation allegations, Defendant removed the action to this Court under its federal question jurisdiction. (Doc. No. 1 at ¶¶ 6–9.) Defendant asked the Court to exercise supplemental jurisdiction over Plaintiff's state law claims. (*Id.* at ¶¶ 10–12.)

Motion practice followed. After removal, Defendant filed its first motion to dismiss Plaintiff's Complaint on December 7, 2018. (Doc. No. 6.) Rather than oppose Defendant's first motion to dismiss, Plaintiff filed—within twenty-one days of Defendant's motion—an Amended Complaint. (Doc. No. 13 ("Amended Complaint").) Plaintiff's Amended Complaint re-asserted her original claims and added new ones. Specifically, Plaintiff asserted claims for promissory estoppel, breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, defamation, intentional infliction of emotional distress, conspiracy to defame, retaliation (again referencing federal law), a violation of New Jersey's Conscientious Employee Protection Act, civil conspiracy, and constructive termination. (*Id.* at ¶¶ 20–111.) Plaintiff also filed a motion to remand, claiming that Defendant's removal was not timely and that the Court lacked subject matter jurisdiction to hear this case because Plaintiff filed her retaliation claim under state law, not federal law. (Doc. No. 8 at 6–8.)

Defendant then moved to dismiss Plaintiff's Amended Complaint. (Doc. No. 17.) In addition to opposing this motion (Doc. No. 22), Plaintiff requested leave to amend (*id.* at 21–22).

At the same time as Plaintiff requested leave to amend, Plaintiff filed a document entitled "Second Amended Complaint." (Doc. No. 21.) About a week after Plaintiff filed her request for leave to amend and the Second Amended Complaint, she also filed a five-sentence letter stating that she "inadvertently didn't attach the amended complaint to Leave to amend motion." (Doc. No. 24.)

Defendant did not respond to Plaintiff's request for leave to amend or file anything in response to Plaintiff's Seconded Amended Complaint and her corresponding letter. Accordingly, Plaintiff moved for a clerk's entry of default on her Second Amended Complaint (Doc. No. 26), prompting Defendant to respond by letter that no response to Plaintiff's Second Amended Complaint was required because it was filed without leave of the Court under Federal Rule of Civil Procedure 15 (Doc. No. 27).

## II. DISCUSSION

The Court now considers the parties' various filings, beginning with Plaintiff's motion to remand. The Court will then consider Defendant's two motions to dismiss, followed by Plaintiff's request for leave to amend and the document entitled Second Amended Complaint.

### A. Plaintiff's Motion to Remand

Plaintiff's motion to remand contains two arguments: (1) that Defendant's removal was not timely, and (2) that the Court lacks subject matter jurisdiction over this action because Plaintiff filed her retaliation claim under state law, not federal law, such that no federal question jurisdiction exists in this case. (Doc. No. 8 at 6–8.) Both claims fail.

#### 1. Timeliness of Removal

A notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Michalak v. ServPro Indus., Inc.*, No. 18-cv-1727,

3

2018 WL 3122327, at *2 (D.N.J. June 26, 2018) (citing 28 U.S.C. § 1446(b)(1)). Accordingly, "the removal period for a defendant does not begin to run until that defendant is properly served or waives service." *Id.* at *4 (citing *Di Loreto v. Costigan*, 351 F. App'x 747, 751 (3d Cir. 2009)).

Here, Plaintiff claims that Defendant was served on September 26, 2018, more than thirty days before Defendant filed its notice of removal on November 16, 2018. (Doc. No. 8 at 6.)

But Plaintiff's claim of proper service on this date is defeated by the very document on which she relies, for it explicitly states that "non-service" occurred on that date. (*Id.* at Ex. A.) Plaintiff's claim is also belied by her statement that whichever unidentified individual(s) the process server attempted to serve on that date "refused to accept process of service, stating that the same needed to be served at the human resource department" located elsewhere. (*Id.* at 6.) In fact, Plaintiff has not suggested that the unidentified individual(s) who allegedly refused service on this date were proper individual(s) to serve or that the process server left the papers with or even near them. As the Third Circuit has stated, "[i]f the defendant attempts to evade service or refuses to accept delivery after being informed by the process server of the nature of the papers, it usually is sufficient for the process server . . . simply to leave them in the defendant's physical proximity," provided there is "clear evidence that the defendant actually received the papers at issue when allegedly served." *Gambone v. Lite-Rock Drywall Corp.*, 124 F. App'x 78, 79 (3d Cir. 2005) (citation omitted); *see also World Entm't Inc. v. Brown*, 487 F. App'x 758, 761 (3d Cir. 2012) (explaining that "a face-to-face encounter and in-hand delivery are not always necessary for proper service"). Yet there is no hint of that here.

Accordingly, the Court cannot conclude that proper service occurred on September 26, 2018 as Plaintiff alleges. However, Plaintiff admits that proper service did occur on October 18, 2018, and Defendant agrees. (Doc. No. 8 at 4, 6; *see also* Doc. No. 11 at 1–3.) Because Defendant

4

filed a notice of removal within 30 days of that date on November 16, 2018, Defendant's removal was timely.

### 2. Subject Matter Jurisdiction

Plaintiff falls equally short in contending that the Court should remand this matter for lack of subject matter jurisdiction. (Doc. No. 8 at 7–8.) "The removability of a legal matter is determined from the plaintiff's pleadings at the time of removal." *Costa v. Verizon New Jersey, Inc.*, 936 F. Supp. 2d 455, 458 (D.N.J. 2013) (citing *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951)). Under 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to that federal court with original jurisdiction over the action. As the party claiming federal jurisdiction, Defendant bears the burden of showing that there is federal subject matter jurisdiction in this removed action. *See Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

Here, Defendant properly removed this matter based on the Court's original jurisdiction. Despite Plaintiff's assertions to the contrary, the removed pleading specifically states that Plaintiff engaged in conduct protected by the Civil Rights Act of 1964 and claims that Defendant took various action in violation of Plaintiff's "federally protected" retaliation rights. (Doc. No. 1-1, Ex. A at ¶¶ 39–40, 42–43.) Accordingly, the case presents a proper federal question and Plaintiff's motion to remand is denied.

### B. Defendant's Motions to Dismiss

Next, the Court considers Defendant's two motions to dismiss. (Doc. Nos. 6, 17.) Because Plaintiff responded to Defendant's first motion to dismiss by filing an Amended Complaint—which supersedes Plaintiff's original Complaint—Plaintiff's first-filed pleading has "no further role in the case." *Small v. Camden Cty.*, No. 06-cv-1363, 2008 WL 3154727, at *2 (D.N.J. Aug. 1, 2008) (quoting *Snyder v. Pascack*, 303 F.3d 271, 276 (3d Cir. 2002)). Accordingly, Defendant's

first motion to dismiss (Doc. No. 6) is denied as moot, and the Court need only consider Defendant's motion to dismiss Plaintiff's Amended Complaint.[1]

Defendant's motion to dismiss Plaintiff's Amended Complaint is granted as to Plaintiff's retaliation claim—her lone federal claim. A complaint that alleges retaliation or any other claim under Title VII of the Civil Rights Act of 1964 must be dismissed when it does not assert that a plaintiff first exhausted her administrative remedies. *See Hornsby v. U.S. Postal Serv.*, 787 F.2d 87, 90 (3d Cir. 1986); *see also Itiowe v. NBC Universal, Inc.*, 556 F. App'x 126, 128 (3d Cir. 2014) ("[N]on-exhaustion constitutes a ground for dismissal for failure to state a claim on which relief may be granted under Fed. R. Civ. Pro. 12(b)(6)."). As Defendant correctly points out in its motion to dismiss, the Amended Complaint contains no suggestion that Plaintiff exhausted her administrative remedies before bringing her retaliation claim. Nor does Plaintiff provide a right-to-sue letter, which shows such exhaustion. *See Twillie v. Erie Sch. Dist.*, 575 F. App'x 28, 31 (3d Cir. 2014). In fact, Plaintiff does not dispute her non-exhaustion in her brief, noting instead that she filed a claim with the New Jersey Division of Civil Rights, which apparently lost her paperwork and did not respond to Plaintiff's various follow-ups about the status of her claim. (Doc. No. 22 at 16–17.)

Having dismissed Plaintiff's Title VII retaliation claim for non-exhaustion, no federal claims remain against Defendant. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims *see Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) for promissory estoppel, breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, defamation, intentional infliction of emotional distress, conspiracy to

---

[1] The Court notes that following Plaintiff's original and Amended Complaint, Plaintiff also filed a Second Amended Complaint. (Doc. No. 21.) The Court will discuss that filing below in Section IIC.

defame, New Jersey's Conscientious Employee Protection Act, civil conspiracy, and constructive termination.[2] (Am. Compl. at ¶¶ 20–111.)

### C. Plaintiff's Request for Leave to Amend

Finally, in her opposition to Defendant's motion to dismiss the Amended Complaint, Plaintiff seeks leave to amend her pleading should the Court find it deficient. (Doc. No. 22 at 21–22.) In connection with that request, Plaintiff filed a "Second Amended Complaint," which the Court construes as Plaintiff's proposed Seconded Amended Complaint. (Doc. No. 21.) Local Civil Rule 15.1 requires a proposed pleading to be filed in connection with a request for leave to amend, among other things. L. Civ. R. 15.1.[3]

A court may deny leave to amend if the amendment would be futile. *See In re NAHC, Inc. Securities Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (noting that an amendment is futile if the proposed amendment would fail to state a claim upon which relief could be granted). Here, the Court finds that permitting the amendment as drafted in what the Court construes as the proposed

---

[2] To the extent Plaintiff brings her constructive termination claim under Title VII, it would fail for non-exhaustion as explained above.

[3] There is some ambiguity as to what Plaintiff intended to file when she filed the document entitled "Second Amended Complaint." On the one hand, some items on the docket suggest that Plaintiff filed the Second Amended Complaint as the proposed amended pleading in connection with her request for leave to amend. Specifically, Plaintiff filed a letter on February 28, 2019 suggesting that she forgot to attach an amended pleading to her request for leave to amend. (Doc. No. 24.) On the other hand, later filed documents suggest that Plaintiff did not file the Second Amended Complaint as a proposed amended pleading, but rather, as her new and operative pleading that required a response from Defendant. Specifically, Plaintiff requested a Clerk's entry of default because Defendant did not respond to the item she filed as her Second Amended Complaint. Whatever Plaintiff intended in filing that document, her motion for leave to amend is denied. If Plaintiff intended to file the Second Amended Complaint as the proposed amended pleading in connection with her request for leave to amend, Plaintiff's request is denied for the reasons explained above. If, by contrast, Plaintiff intended to file the Second Amended Complaint not as a proposed amendment but rather, as her new and operative pleading, Plaintiff failed to seek leave of the Court to file that document, as Defendant aptly notes. (Doc. No. 27.)

Second Amended Complaint would be futile because the proposed amendment does not cure the Title VII non-exhaustion deficiency noted above. Again, it simply notes that the New Jersey Department of Civil Rights allegedly lost Plaintiff's paperwork and has failed to respond to Plaintiff's inquiries. (Doc. No. 21 at ¶¶ 89–94.) It mentions nothing of any "right to sue" authorization and indicates that Plaintiff merely sued to avoid missing the statute of limitations. (*Id.* at ¶ 95.)

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**. Defendant's motion to dismiss Plaintiff's Amended Complaint is **GRANTED** as to Plaintiff's retaliation claim under Title VII, and the Court declines to exercise supplemental jurisdiction over all of Plaintiff's remaining state law claims. Plaintiff's motion for leave to amend is **DENIED**, and Defendant's first motion to dismiss Plaintiff's Complaint is **DENIED AS MOOT**. An Order shall issue.

Dated: May 3, 2019                        s/ Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United States District Judge